IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| DANIEL A. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02007-JTF-atc |
| ) | |
| WARDEN BOWERS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DENYING MOTION TO DISMISS AND PETITION PURSUANT TO 28 U.S.C. § 2241 AS MOOT, CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On January 4, 2023, Petitioner, Daniel A. Baker, Bureau of Prisons ("BOP") register number 25765-509, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro* se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1.) Petitioner paid the habeas filing fee. (ECF No. 4.) Respondent filed a motion to dismiss (ECF No. 7), and the parties responded (*see* ECF Nos. 8, 9 & 10). Petitioner was released from BOP custody on July 5, 2023. *See* Federal Bureau of Prisons, Find an inmate (last accessed Jan. 24, 2024). For the reasons stated below, the § 2241 Petition and motion to dismiss (ECF No. 7) are DENIED as moot

When the § 2241 Petition was filed, Baker was serving a sentence imposed by the United States District Court for the Northern District of Florida. (ECF No. 1 at PageID 1.) Baker raised issues concerning the calculation of FTC credits under the First Step Act ("FSA") and sought an award of 210 days of FTC credits. (*Id.* at PageID 6-7.) He sought immediate transfer to a residential reentry center or halfway house. (*Id.* at PageID 7; *see* ECF No. 10 at PageID 161.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

A case becomes moot when events occur that render the court unable to grant the requested relief and when no actual injury remains that the court could redress. *Demis v. Sniezek*, 558 F.3d 508, 512-13 (6th Cir. 2009). When a prisoner's sentence has expired, "some concrete and continuing injury . . . —some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id*. at 512.

Baker acknowledges that the Warden calculated and applied the appropriate FSA credits *after* the § 2241 Petition was filed. (*See* ECF No. 10 at PageID 108, 119; *see* ECF No. 9 at PageID 157 ("The BOP accurately calculated Petitioner's credits and has afforded him 240 Time Credits as of May 6, 2023").) The BOP's Inmate Locator reflects that Baker was released on July 5, 2023.[1]

---

[1] This date is consistent with the projected release date referenced in the Warden's motion to dismiss. (*See* ECF No. 7 at PageID 68.)

A habeas petition seeking FSA sentencing credits becomes moot if the BOP grants the credits and releases the petitioner from the sentence. *See Inniss v. Hemingway*, 657 F. Supp. 3d 986, 988 (E.D. Mich. 2023); *see Atwood v. FCI Berlin Warden*, No. 22-CV-526-JL, 2023 WL 2308531, at *1 (D.N.H. Jan. 19, 2023), *report and recommendation adopted,* No. 22-CV-526-JL, 2023 WL 2302863 (D.N.H. Mar. 1, 2023) ("A prisoner's release from BOP custody moots his § 2241 petition challenging the calculation of his time credits and the length of the imprisonment component of his sentence"). Baker's claim about the FSA credits is now moot.

Further, a prisoner's claim for injunctive relief, in this case Baker's release to a halfway house,[2] becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *Lyons v. Azam*, 58 F. App'x 85, 87 (6th Cir. 2003). Baker's release from the BOP rendered his request for release from prison to a halfway house impossible for the Court to grant. *See Argo v. United States*, No. 3:20-CV-03032-K (BT), 2021 WL 4296405, at *1 (N.D. Tex. Aug. 23, 2021), *report and recommendation adopted*, No. 3:20-CV-3032-K, 2021 WL 4296198 (N.D. Tex. Sept. 21, 2021) (finding the claim moot and that they is no right to residential reentry or to be housed in a specific facility).

The issues presented in Baker's petition have either been resolved or the relief sought is now impossible to grant. For these reasons, the § 2241 Petition and the motion to dismiss (ECF No. 7) are DENIED as moot. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F.

---

[2] In the Warden's reply to the motion to dismiss, he states that the BOP is in the process of reviewing Petitioner for a halfway house placement. (ECF No. 9 at PageID 157.)

3

App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because the § 2241 Petition is clearly moot, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[3]

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

4

5

IT IS SO ORDERED this the 25th day of January, 2024.

BY THE COURT:

***s/John T. Fowlkes, Jr.***
JOHN T. FOWLKES, JR.
United States District Judge

5